IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ROBERT ROGERS, AIS 173329, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:23-CV-356-ECM-KFP |
| | ) | |
| CAM WARD – DIRECTOR | ) | |
| BUREAU OF PARDONS AND | ) | |
| PAROLES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.     INTRODUCTION

Robert Rogers, an inmate at the North Alabama Community Work Center who is proceeding pro se and in forma pauperis, filed this 42 U.S.C. § 1983 action (Doc. 1) against Defendants Cam Ward, Director of the Alabama Board of Pardons and Paroles ("the Board"); John Hamm, Commissioner of the Alabama Department of Corrections; and Board members Leigh Gwathney, Darryl Littleton, Dwayne Sprulock, and Cliff Walker. *Id.* After review and consideration of Rogers's filing, the undersigned RECOMMENDS this case be DISMISSED for the reasons set forth below.

## II.     STANDARD OF REVIEW

Because Rogers was granted leave to proceed in forma pauperis (Doc. 4), his Complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B), which requires a court to dismiss the complaint or any portion of it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant

immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). To state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Under § 1915, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears [v. McCotter]*, 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986); *see also* 28 U.S.C. § 1915A(a) (stating court should review civil action by prisoner against governmental entity or officer or employee before docketing, if feasible, or as soon as practicable after docketing).

## III.   BACKGROUND

Rogers is serving concurrent 23-year sentences on his convictions for Assault II and Domestic Violence II in the Circuit Court for Madison County.[1] Rogers was returned to prison as a parole violator. Doc. 1. In his Complaint he incorporates a copy of his parole

---

[1]*See* https://doc.alabama.gov/InmateHistory (last visited August 30, 2023).

court proceeding held in July 2020 (Doc. 1-1 at 2–5), which shows that on March 5, 2020, the Board prepared a parole violation report following his arrest as a parole violator. *Id.* at 1. With assistance of counsel, on July 2 Rogers had a parole court hearing for having been charged with a new domestic violence offense. *Id.* at 3–4. The hearing officer found Rogers had not committed the charged offense but did find Rogers harassed the victim and recommended that Rogers serve a 20-day "dunk" in custody of the Department of Corrections as an intermediate sanction.[2] *Id.* at 5. The hearing officer's report noted the State of Alabama had dismissed the domestic violence charge against Rogers. *Id.* The Board ultimately revoked Rogers's parole. Doc. 1-3 at 1.

Also incorporated in the Complaint is a copy of the Board's decision of January 25, 2023, denying him parole. Doc. 1-4 at 1–2. The Board did not reset Rogers's next parole hearing date, noting he would complete his sentence ("EOS") before the five-year maximum set off for a subsequent parole hearing. *See* Doc. 1-4 at 2; *see also* Alabama Bureau of Pardons and Paroles Administrative Code, Chapter 640-X-3.03 (effective March 16, 2020).[3]

In this lawsuit, Rogers alleges the Defendants violated his constitutional rights by failing to reinstate his parole even though the "criminal convictions" leading to his parole revocation were dismissed. Doc. 1 at 3. He contends Defendants continue to refuse to parole him or consider releasing him from incarceration until his prison terms ends despite their knowledge that the underlying charges were dismissed. *Id.* He also asserts that

---

[2] The Board may impose a 45-day maximum period of confinement, known as a "dunk," for parole violators, excluding those parole violators with certain enumerated offenses. *See* Doc. 1-2 at 4.

[3] *See* www.alabamaadministrativecode.state.al.us/docs/par/index.

Defendants have failed to follow their own agency rules, regulations, and procedures by denying him parole and reinstatement on parole following the dismissal of the alleged false and erroneous criminal charges relied on to revoke his parole. *Id.* He requests declaratory relief, immediate release from custody, and $1 million in damages.[4] *Id.* at 4.

## IV.    MONEY DAMAGES CLAIMS

### A.    Sovereign Immunity

Rogers sues Defendants in their official capacities. Official capacity lawsuits are "in all respects other than name . . . treated as a suit against the entity." *Kentucky v. Graham*, 473 U. S. 159, 166 (1985). Thus, a state official may not be sued in his or her official capacity unless the state has waived its Eleventh Amendment immunity, *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984), or Congress has abrogated the state's immunity, *see Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 59 (1996). "Alabama has not waived its Eleventh Amendment immunity in § 1983 cases, nor has Congress abated it." *Holmes v. Hale*, 701 F. App'x 751, 753 (11th Cir. 2017) (*citing Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1525 (11th Cir. 1990)); *see also* Ala. Const. Art. I, § 14. Here, the suit against Defendants in their official capacities is unavailing because they are state actors entitled to sovereign immunity under the Eleventh Amendment for claims seeking monetary damages. *Selensky v. Alabama*, 619 F. App'x 846, 849 (11th Cir. 2015); *Jackson v. Georgia Dep't of Transp.*, 16 F.3d 1573, 1575 (11th Cir. 1994).

---

[4] Under *Ex parte Young*, 209 U.S. 123 (1908), a plaintiff may seek prospective injunctive relief from a state official, such as the members of the parole board, to compel them to perform their duties in the future in a constitutional and unbiased fashion.

### B.    Quasi-Judicial Immunity

With respect to the request for monetary damages from the Board members in their individual capacities, the Eleventh Circuit has long recognized that individual parole board officials "are entitled to absolute quasi-judicial immunity from a suit for damages" based on decisions to grant, deny, or revoke parole. *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005); *Fuller v. Georgia State Bd. of Pardons and Parole*, 851 F.2d 1307 (11th Cir. 1988); *Cruz v. Skelton,* 502 F.2d 1101, 1101–02 (5th Cir. 1974). Consequently, Rogers is not entitled to monetary damages from the Board members in their individual capacities regarding their decision to deny or revoke his parole. *Holmes*, 418 F.3d at 1258.

## V.    OTHER CLAIMS FOR RELIEF

### A.    Due Process Claim

Rogers alleges the Board members violated his due process rights by failing to comply with their own parole rules and regulations. Specifically, he contends they violated agency policies by failing to reinstate his parole after learning that the criminal charges against him had been dismissed. Rogers further alleges that the Board denied him parole on January 25, 2023, without a reset, thereby requiring him to serve his full term of imprisonment. To the extent these claims challenge a denial of parole or a lack of due process in the parole consideration process, Rogers is entitled to no relief.

The rules and regulations by which the Board determines whether an inmate is eligible for parole are the same regardless of whether the inmate has never been released on parole or if the inmate has returned to prison as a parole violator. *See e.g.,* Doc. 1-2 at 1–7. The law is clear that "[t]here is no constitutional or inherent right of a convicted person

to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of the Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). The Eleventh Circuit, citing *Greenholtz*, has recognized that an inmate has no liberty interest in parole because Alabama's parole system is discretionary. *Monroe v. Thigpen*, 932 F.2d 1437, 1441 (11th Cir. 1991); *see also Thomas v. Sellers*, 691 F.2d 487, 489 (11th Cir. 1982) (explaining that, because the Alabama parole statute is framed in discretionary terms and contains no language mandating parole, no liberty interest is created); *Ellard v. Alabama Bd. of Pardons and Paroles*, 824 F.2d 937, 942 (11th Cir. 1987) (holding that "mere possibility of parole provides simply a hope that is not protected by due process") (quotation marks and citation omitted).

Rogers does not possess a liberty interest in being granted or re-released on parole that is protected by the Due Process Clause. *Monroe*, 932 F.2d at 1441; *Ellard*, 824 F.2d at 941–942; *Thomas*, 691 F.2d at 488–489. Even if inmates have been given a specific date to be reconsidered or reset for parole consideration, they have no legitimate expectation or protected interest in being granted parole on that date because there is no right to parole at any time. Thus, the procedural due process protections of the Fourteenth Amendment do not apply to the parole decision-making or the parole consideration process. *See Slocum v. Georgia State Bd. of Pardons & Paroles*, 678 F.2d 940, 942 (11th Cir. 1982) (failure to provide parole review within time required under parole laws or properly calculate presumptive date of release on parole does not constitute a violation of due process). Absent a constitutionally protected liberty interest in parole, "the procedures followed in making the parole determination are not required to comport with the standards of

fundamental fairness." *O'Kelley v. Snow*, 53 F.3d 319, 321 (11th Cir. 1995) (quotation marks and citation omitted). Because this claim fails to state a claim on which relief may be granted, it is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

### B.    Equal Protection Claim

Rogers asserts in conclusory fashion that Defendants' failure to adhere to agency rules and regulations violated his right to equal protection. To establish an equal protection claim, "a prisoner must [at a minimum] demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; and (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis." *Sweet v. Sec'y. Dep't of Corr.*, 467 F.3d 1311, 1318–1319 (11th Cir. 2006) (citations omitted). Rogers does neither. He identifies no similarly situated inmate who received more favorable treatment in the parole consideration process, and he fails to allege that denial of parole occurred due to a constitutionally protected interest. The absence of relevant allegations precludes the Court from finding a plausible equal protection claim. *See Iqbal*, 556 U.S. at 678. Therefore, this claim is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

### C.    Plaintiff's Challenge to his Confinement

A claim challenging parole procedures may be brought under § 1983 if success on that claim would not result in the prisoner's release from custody or a reduction in his term of imprisonment. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). A prisoner may not, however, pursue a challenge to parole or parole revocation procedures under § 1983 if success on the challenge would necessarily end or shorten the inmate's period of

incarceration. Rogers's request for reinstatement on parole based on Defendants' conduct implies the invalidity of his revocation proceedings and seeks release from his present incarceration.[5] However, his challenges regarding an alleged improper parole revocation or parole denial and claim of entitlement to immediate release are not properly before the Court in a 42 U.S.C. § 1983 action. *Edwards v. Balisok,* 520 U.S. 641 (1997); *Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475 (1973).

A complaint challenging the legality of a prisoner's conviction or sentence and seeking monetary damages for relief is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus," and complaints containing these claims must be dismissed. *Heck*, 512 U.S. at 489. The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of [the basis for his incarceration.]" *Id.* at 487; *Balisok*, 520 U.S. at 648 (holding that inmate's claims for declaratory judgment, injunctive relief, or monetary damages that "necessarily imply the invalidity of the punishment imposed, [are] not cognizable under § 1983"). Therefore, the rule of *Heck* is not limited to a request for damages but is equally applicable to actions seeking declaratory or injunctive relief. "It is irrelevant that [Rogers] disclaims any intention of challenging

---

[5] Notably, unlike criminal prosecutions, revocation of parole does not require proof beyond a reasonable doubt. *See Smith v. Bolling*, No. 119CV01499ACAJHE, 2020 WL 4335976, at *4 (N.D. Ala. July 28, 2020) (citing *United States v. Taylor*, 931 F.2d 842, 848 (11th Cir. 1991) (probation revocation hearing does not require "proof beyond a reasonable doubt that the defendant committed the alleged acts. All that is required is that the evidence reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation.")); *Garrison v. McCrae*, No. 3:06CV428/RV/EMT, 2009 WL 3055349, at *10 (N.D. Fla. Sept. 21, 2009) ("As recognized by the Eleventh Circuit, the Supreme Court has *not* established that due process in a parole or probation revocation proceeding requires proof beyond a reasonable doubt that the parolee committed the alleged violation.") (citing *Taylor,* 931 F.2d at 848).

[the judgment or decision on which his incarceration is based]; if he makes allegations that are inconsistent with the [judgment or decision] having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) (citing *Balisok*, 520 U.S. at 646–48).

In *Wilkinson,* the Supreme Court clarified that the asserted challenge, which would invalidate the parole eligibility procedures and "would not necessary spell immediate or speedier release for the prisoner," was only cognizable under § 1983. 544 U.S. at 81. Citing *Wilkinson*, the Eleventh Circuit affirmed that a claim alleging the Florida Parole Commission committed an ex post facto violation by allowing parole review only every two years, when it had been allowed every year under the guidelines in effect when the petitioner was convicted, was not cognizable under 28 U.S.C. § 2254 but must be addressed in a § 1983 action. *Thomas v. McDonough*, 228 F. App'x 931, 932 (11th Cir. 2007).

In the instant case, Rogers's Complaint clearly seeks "immediate release from custody as the criminal offense which violated [his] parole was dismissed." Doc. 1 at 4. Accordingly, the Court concludes that Rogers's request to invalidate his parole revocation and release him from prison goes to the fundamental legality of his confinement and is not cognizable under § 1983 action. The principles espoused in *Heck* and *Balisok* foreclosing review of claims in a 42 U.S.C. § 1983 action that go to the fundamental legality of a prisoner's confinement apply when an inmate challenges confinement due to revocation of parole. *See Green v. McGill-Johnston*, 685 F. App'x 811, 812 (11th Cir. 2017) (holding that plaintiff's "allegations, if proven true, would have necessarily implied the invalidity of his parole revocation] . . . and his resulting imprisonment. . . . Because [the plaintiff's]

allegations would imply the invalidity of his confinement, the *Heck*-bar applies and [the plaintiff's] § 1983 claims must be dismissed."); *Littles v. Bd. of Pardons & Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995) (holding district court properly dismissed Plaintiff's § 1983 complaint challenging adverse parole revocation decision where challenged "decision has not been reversed, expunged, set aside, or called into question, as *Heck* mandates").

Rogers's challenge to the fact or duration of his imprisonment, for which he seeks immediate or speedier release, cannot proceed under § 1983 but must instead be pursued in a habeas proceeding. *See Preiser,* 411 U.S. at 500. And Rogers's claim for money damages for the revocation of his parole and corresponding imprisonment are not viable, as the claims would not begin to accrue unless and until Rogers demonstrates that the challenged parole revocation is invalidated. *See Heck,* 512 U.S. at 486–87; *Green,* 685 F. App'x at 812. The fact that the state dismissed the criminal charge leading to his parole revocation is insufficient, as Rogers must demonstrate the revocation of his parole itself has been invalidated.

The Defendants' alleged actions have not been reversed, expunged, impugned, or invalidated in an appropriate state or federal action. Therefore, *Heck* and its progeny bar Rogers's use of any federal civil action, other than a petition for habeas corpus relief under 28 U.S.C. § 2254, to mount a collateral attack on the validity of his incarceration. *Heck*, 512 U.S. at 489 ("We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action. Even a prisoner who has fully exhausted [all] available state remedies has no cause of action under § 1983 unless and until the [basis for

his incarceration] is reversed, expunged, invalidated, or impugned by the grant of a [federal] writ of habeas corpus [or some appropriate state court action].”); *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) (noting that “*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion”). Because Rogers’s claims challenging the validity of his parole revocation do not provide a basis on which relief may be granted at this time, they are subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).[6]

## VI.   CONCLUSION

Accordingly, the Magistrate Judge RECOMMENDS the following:

1.      Plaintiff’s § 1983 due process and equal protection claims be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(ii).

2.      Plaintiff’s claims challenging the constitutionality of his parole revocation be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) as the claims presently provide no basis for relief in this cause of action.

3.      Plaintiff’s Complaint be DISMISSED prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(ii).

Further, it is ORDERED that by **October 2, 2023**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. The Court will not

---

[6] Any federal petition for writ of habeas corpus Rogers may file is subject to the procedural and exhaustion requirements imposed upon those petitions. *See, e.g.,* 28 U.S.C. § 2254(b)(1)(A) (“An application for a writ of habeas corpus [filed] on behalf of a [state inmate] shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State[.]”); 28 U.S.C. § 2244(d) (“A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.”).

consider frivolous, conclusive, or general objections. This Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3–1.

DONE this 18th day of September, 2023.


/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE